TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-302 |
| of | : | |
| | : | July 14, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

---

THE HONORABLE RICHARD K. RAINEY, MEMBER OF THE CALIFORNIA STATE SENATE, has requested an opinion on the following question:

May a water district, without violating the constitutional limitation placed upon fees for service, impose a tiered water rate structure that assesses a higher charge per unit of water as the level of consumption increases?

CONCLUSION

A water district, without violating the constitutional limitation placed upon fees for service, may impose a tiered water rate structure that assesses a higher charge per unit of water as the level of consumption increases.

ANALYSIS

The East Bay Municipal Water District has imposed an "inclining block" or "tiered" rate structure. This type of water rate assesses a higher charge per unit of water as the level of consumption increases. (*Brydon* v. *East Bay Mun. Utility Dist.* (1994) 24 Cal.App.4th 178, 184.) We are asked whether such a rate structure comports with the requirements of newly adopted article XIII D of the Constitution. Subdivision (b) of section 6 of article XIII D provides in part:

"A fee or charge shall not be extended, imposed, or increased by any agency unless it meets all of the following requirements:

"(1) Revenues derived from the fee or charge shall not exceed the funds required to provide the property related service.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(3) The amount of a fee or charge imposed upon any parcel or person as an incident

of property ownership shall not exceed the proportional cost of the service attributable to the parcel."

We conclude that the newly adopted constitutional limitation placed upon fees for service is inapplicable to the water rate structure in question.

Article XIII D provides as to the scope of its applicability:

"§ 1. Application of article.

"Notwithstanding any other provision of law, the provisions of this article shall apply to all assessments, fees and charges, whether imposed pursuant to state statute or local government charter authority. . . .

"§ 2. Definitions.

"As used in this article:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(e) `Fee' or `charge' means any levy other than an ad valorem tax, a special tax, or an assessment, imposed by an agency upon a parcel or upon a person as an incident of property ownership, including a user fee or charge for a property related service.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(h) `Property-related service' means a public service having a direct relationship to property ownership.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

In determining whether article XIII D is applicable to a water rate imposed by a municipal water district, we apply well-established principles of constitutional interpretation. In *Amador Valley Joint Union High Sch. Dist.* v. *State Bd. of Equalization* (1978) 22 Cal.3d 208, 244-245, the court stated:

". . . California courts have held that constitutional and other enactments must receive a liberal, practical common-sense construction which will meet changed conditions and the growing needs of the people. [Citations.] A constitutional amendment should be construed in accordance with the natural and ordinary meaning of its words. . . .

". . . [W]hen, as here, the enactment follows voter approval, the ballot summary and arguments and analysis presented to the electorate in connection with a particular measure may be helpful in determining the probable meaning of uncertain language. [Citations.]"

Applying these principles of construction to the constitutional language in question, we give the terms their usual and ordinary meanings. A water charge that is based upon the ownership of land and calculated based upon the amount of land involved must be said to have a "direct relationship to property ownership." Water Code section 71630, for example, permits a municipal water district to fix a "water standby assessment or availability charge" whether the water is actually used or not (see Cal. Const., art. XIII D, § 6, subd. (4)), and such fees are calculated based upon acreage owned (Wat. Code, § 71631).

On the other hand, a water charge that is imposed whether the purchaser is a landowner or not, such as upon construction companies for filling their water tank trucks (see Wat. Code, § 71610), would not have a "direct relationship to property ownership." At most, the relationship would be indirect in such

not have a "direct relationship to property ownership." At most, the relationship would be indirect in such circumstances.

We have examined in detail the voters' pamphlet supplied to the electorate concerning the scope and effect of Proposition 218, which added article XIII D to the Constitution in 1996. (Ballot Pamp., Proposed Amends. to Cal. Const. with arguments to voters, Gen. Elec. (Nov. 5, 1996) pp. 72-77.) Nothing therein supports the conclusion that all water rates necessarily come within its terms or that none are subject to its requirements. Of particular significance is the argument in favor of the proposition submitted by its proponents:

"VOTE YES ON PROPOSITION 218. IT WILL GIVE YOU THE RIGHT TO VOTE ON TAX INCREASES!

"Proposition 218 guarantees your right to vote on local tax increases--even when they are called something else, like `assessments' or `fees' and imposed on homeowners.

"Proposition 218 guarantees your right to vote on taxes imposed on your water, gas, electric, and telephone bills.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

". . . cities have increased utility taxes 415% . . . .

"Non-voted taxes on electricity, gas, water, and telephone services hit renters and homeowners hard.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"FOR THE RIGHT TO VOTE ON TAXES, VOTE YES ON PROPOSITION 218."
(*Id.*, at p. 76.)

While the proponents indicate that "taxes imposed on . . . water . . . bills" would come under the requirements of Proposition 218, such language suggests that the water charges themselves would not be subject to the proposition's requirements. We believe that each water fee or charge must be examined individually in light of the constitutional mandate.

The tiered water rate structure in question is based upon the amount of water used. Such a rate mechanism is in contrast to fees or assessments that are levied against a parcel of land on a per-parcel or per-acre basis. While water consumption may correlate to some extent with the size of the particular parcel, factors such as whether the land has been developed, the nature of the development, the amount and type of vegetation present, and the number of people per household will also affect water consumption and the charges incurred. We believe that fees for water that are based upon metered amounts used are not "imposed . . . as an incident of property ownership" and do not have "a direct relationship to property ownership." Consequently, such fees would not be governed by article XIII D of the Constitution. **Footnote No. 1**

We conclude that a water district, without violating the constitutional limitation placed upon fees for services, may impose a tiered water rate structure that assesses a higher charge per unit of water as the level of consumption increases.

\* \* \* \* \*

**Footnote No. 1**
Not only is article XIII D inapplicable to the water rate structure in question, we believe that each rate of the tiered rate structure would meet the newly adopted constitutional limitation of not exceeding "the proportional cost of the service

attributable to the parcel." (Cal. Const., art. XIII D, § 6, subd. (b)(3).) Here the district has made the requisite findings of proportionality, which would be binding upon a court in the absence of contrary evidence. (See Wat. Code, § 71616: *Brydon* v. *East Bay Mun. Utility Dist.*, *supra*, 24 Cal.App.4th at 187-195, 201-202; *Carlton Santee Corp.* v. *Padre Dam Municipal Water Dist.* (1981) 120 Cal.App.3d 14, 31.)